**In re Petition for DISCIPLINARY ACTION AGAINST David GRONBECK, an Attorney at Law of the State of Minnesota.**

No. C4–94–1162.

Supreme Court of Minnesota.

Feb. 27, 1995.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent David Gronbeck failed to timely file federal and state individual income tax returns and pay the taxes due thereon for a number of years, failed to pay employer withholding taxes for at least 5 consecutive quarters and that he failed to cooperate with the Director's office in investigation of these matters; and

WHEREAS, the respondent has unconditionally admitted the allegations of the petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director by which they jointly recommend a 30–day suspension followed by 2 years of supervised probation subject to the following conditions:

(1) Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to his supervisor, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide his supervisor with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

(2) Within 60 days from the execution of this stipulation, respondent shall enter into an agreement satisfactory to the Internal Revenue Service (IRS) for payment of all unpaid taxes. Respondent shall provide the Director with copies of the payment agreements and proof of currency on payments required by the agreements. If, after 60 days, agreement with the IRS has not been reached despite diligent effort by respondent, respondent shall report monthly to the Director concerning his progress in reaching agreement. Such reports shall continue until written agreements have been signed by the IRS.

(3) Respondent shall employ a qualified tax preparer to assist him in preparing and filing required quarterly and annual tax returns. Respondent shall make timely quarterly estimated payments to the state and federal tax authorities. On or before the filing deadline, respondent shall provide proof of such filing and payment to the Director without specific reminder or request.

(4) Respondent shall provide to the Director's Office upon request authorizations for the release of information from the IRS and Minnesota Department of Revenue to verify compliance with federal and state tax laws and regulations.

(5) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

(6) Respondent shall attend weekly meetings of Alcoholics Anonymous or another out-patient alcohol treatment program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any.

(7) Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

They also jointly recommend that the reinstatement hearing provided for in Rule 18, Rules on Lawyers Professional Responsibility be waived, that respondent complies with Rule 26, Rules on Lawyers Professional Responsibility, that he pay $750 in costs, that he is required to successfully complete the professional responsibility portion of the state bar examination within 1 year of the date of this order, and that respondent be reinstated on expiration of the suspension provided that at least 15 days prior to such expiration, he shall file an affidavit with the Clerk of the Appellate Courts and the Director's office establishing that he is current with Continuing Legal Education requirements, has fully complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility and has

satisfactorily completed any other requirements of the court; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants the agreed to discipline,

IT IS HEREBY ORDERED that respondent David Gronbeck is suspended for 30 days followed by a 2–year period of supervised probation subject to the agreed upon conditions set out above.

BY THE COURT
/s/ M. Jeanne Coyne
M. Jeanne Coyne
Associate Justice